UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN BRISENO,<br><br>                    Petitioner,<br><br>         v.<br><br>JAMES J. WALKER,<br><br>                    Respondent. | 1:09-cv-01419-BAK-GSA HC<br><br>ORDER DENYING PETITIONER'S MOTION TO HAVE FELLOW INMATE DANIEL TREGLIA APPOINTED AS COUNSEL (Doc. 3)<br><br>ORDER DENYING AS MOOT PETITIONER'S MOTION DIRECTING RESPONDENT TO FILE A RESPONSE AND INQUIRING REGARDING THE FILING FEE (Doc. 8) |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his petition in the Sacramento Division of this Court on July 21, 2009. (Doc. 1). The case was transferred to the Fresno Division on August 13, 2009. (Doc. 5). At that time, Petitioner's motion to have Daniel Treglia, a fellow inmate, appointed as attorney of record in this case, was pending. (Doc. 3). On August 27, 2009, the filing fee of $5.00 was paid in this case. On October 19, 2009, Petitioner filed a motion asking that Respondent be ordered to response and inquiring regarding the payment of his filing fee. (Doc. 8). On October 22, 2009, after conducting its preliminary screening of the petition, the Court issued an order requiring Respondent to file a response to the petition. (Doc. 9).

1

**A. <u>Motion for Appointment of Counsel</u>**.

Local Rule 83-183(a), provides as follows:

Any individual who is representing himself or herself without an attorney must appear personally or by courtesy appearance by an attorney admitted to the Bar of this Court <u>and may not delegate that duty to any individual, including husband or wife, or any other party on the same side appearing without an attorney</u>. (Emphasis supplied.)

Local Rule 83-180(a), provides that "Admission to and continuing membership in the Bar of this Court are limited to attorneys who are active members in good standing of the State Bar of California."

Reading these two provisions of the Local Rules together, it is patent that Petitioner may either appear in propria personal, as he is currently proceeding, or he may proceed with appointed counsel who has been admitted to the Bar of this Court and is, therefore, an "active member in good standing of the State Bar of California." Thus, the conclusion is quite inescapable that an inmate, such as Mr. Teglia, who is not otherwise an "active member in good standing of the State Bar of California," may not be appointed as "counsel of record" to represent a petitioner proceeding in forma pauperis in federal habeas proceedings.

Moreover, there currently exists no absolute right to appointment of counsel in habeas proceedings. <u>See</u> <u>e.g.</u>, <u>Anderson v. Heinze</u>, 258 F.2d 479, 481 (9th Cir.), <u>cert.</u> <u>denied</u>, 358 U.S. 889 (1958); <u>Mitchell v. Wyrick</u>, 727 F.2d 773 (8th Cir.), <u>cert.</u> <u>denied</u>, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." <u>See</u> Rule 8(c), Rules Governing Section 2254 Cases. In the present case, the Court does not find that the interests of justice require the appointment of counsel in this case. Although Petitioner has indicated that he is unskilled in the law, it appears from his motion that the primary reason for his request to appoint Daniel Teglia as his legal representative is a political or strategic reason, not a legal one: Petitioner is a member of the Norteno prison gang, while Teglia is a member of a rival gang, and it appears that Petitioner believes that the assistance of a rival gang member on Petitioner's case could lend credibility to Petitioner's contentions. However, such case strategems have no place in the determination of whether the case is of such complexity or legal

difficulty that counsel must be appointed in the interests of justice. Accordingly, Petitioner's motion to appoint Daniel Teglia as his attorney of record must be denied.

### B. Motion for Respondent to File Response and Inquiry Regarding Filing Fee.

On October 22, 2009, after the Court conducted its preliminary screening of the petition, it issued an order requiring Respondent to file a response. (Doc. 9). Accordingly, that aspect of Petitioner's motion seeking such an order is moot. That aspect of Petitioner's motion inquiring about the filing fee is also moot since the filing fee, as mentioned, has already been paid.

### ORDER

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Petitioner's motion to have inmate Daniel Treglia appointed as counsel of record (Doc. 3), is DENIED; and,

2. Petitioner's motion for an order requiring Respondent to file a response and inquiring regarding the filing fee (Doc. 8), is DENIED as MOOT.

IT IS SO ORDERED.

Dated:   **October 26, 2009**          /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

3